**Henry L. KINCE, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 03–7201.**

United States Court of Appeals, Federal Circuit.

Jan. 14, 2004.

Before LOURIE, LINN, and PROST, Circuit Judges.

ON MOTION

LINN, Circuit Judge.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Henry L. Kince's appeal of the July 7, 2003 order of the Court of Appeals for Veterans Claims, *Kince v. Principi*, No. 01–653 (Vet.App. July 7,

2003), because he has appealed from a nonfinal order. Kince opposes.

On March 8, 2001, the Board of Veterans' Appeals issued two decisions relating to Kince's various claims. Kince appealed the Board's decisions to the United States Court of Appeals for Veterans Claims.

Briefing concluded on September 16, 2002. Thereafter, from November 2002 to June 2003, Kince submitted to the Court of Appeals for Veterans Claims ten documents addressed to the Board or the RO, including correspondence and motions, which Kince concedes in his appellate brief to this court "were sent to the [Court of Appeals for Veterans Claims] inadvertently, and by error," and which were not "part of my pleadings to the [Court of Appeals for Veterans Claims]." Upon review of these various documents, the Court of Appeals for Veterans Claims concluded that the submissions "are not contemplated by the Court's Rules. Additionally to the extent that they refer to matters remanded by the [Board], the Court lacks jurisdiction to review them." The Court of Appeals for Veterans Claims ordered "all pleadings and other materials received from [Kince] after the completion of briefing ... be returned to him unfiled. [Kince] is reminded that the Court will not accept any further pleadings not contemplated by its Rules." Kince appealed from this order.

This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. *Williams v. Principi*, 275 F.3d 136, 1363 (Fed.Cir.2002). The order from which Kince appeals is nonfinal and interlocutory. In reviewing Kince's opposition and brief, it appears that he is under the mistaken belief that the documents he concedes were not intended to be delivered to the Court of Appeals for Veterans Claims were used by that court to "deny my claim of CUE" for lack of jurisdiction. However, that court's order does not in any way deal with the merits of, or its jurisdiction over, Kince's appeal. It only served to return papers Kince admits he never intended to submit to the Court of Appeals for Veterans Claims. The Court of Appeals for Veterans Claims order is not final and Kince has not shown that interlocutory review by this court is warranted.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.